UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER DOZIER,

    Petitioner,

v.

    Case No. 3:23-cv-1126-MMH-LLL
    3:20-cr-84-MMH-LLL

UNITED STATES OF AMERICA,

    Respondent.

# ORDER

This case is before the Court on Petitioner Christopher Dozier's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1; Motion to Vacate).[1] The United States filed a response (Civ. Doc. 3; Response) and Dozier filed a reply (Civ. Doc. 7; Reply).

In February 2022, Dozier pled guilty pursuant to a written plea agreement to two counts of Hobbs Act Robbery under 18 U.S.C. §§ 1951(a) and (b), and one count of brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). See Crim. Doc. 58 (Plea Agreement); Crim. Doc. 61 (Acceptance of Guilty Plea). On September 27,

---

[1] Citations to the record in this civil § 2255 case will be denoted "Civ. Doc." while citations to the underlying criminal case, United States v. Dozier, No. 3:20-cr-84-MMH-LLL, will be denoted "Crim. Doc. ___."

1

2022, the Court sentenced Dozier to a total term of imprisonment of 224 months, consisting of concurrent terms of 140 months for the Hobbs Act Robbery convictions followed by 84 months for the firearm conviction. See Crim. Doc. 80 (Judgment). Dozier did not pursue an appeal. Accordingly, Dozier's convictions became final 14 days later upon the expiration of the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A), Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), or October 11, 2022. Dozier had one year from that date, or until October 11, 2023, to file a timely motion to vacate under 28 U.S.C. § 2255(f)(1). Dozier filed his Motion to Vacate on September 25, 2023, and the Motion to Vacate is therefore timely.

In the Motion to Vacate, Dozier raises claims of ineffective assistance of counsel citing to Roe v. Flores-Ortega, 528 U.S. 470 (2000). Specifically, in Ground One, Dozier argues that his attorney rendered ineffective assistance when he failed to file an appeal despite Dozier's instructions that he do so. See Motion to Vacate at 4. In Flores-Ortega, the Supreme Court held that when a defendant specifically instructs his attorney to file an appeal, and his attorney fails to do so, counsel performs in a manner that is per se professionally unreasonable. See 528 U.S. at 477 (citing Rodriguez v. United States, 395 U.S. 327 (1969)). When a defendant neither specifically instructs his attorney to appeal nor specifically directs his attorney not to appeal,

2

counsel has a duty to advise the defendant of the advantages and disadvantages of appealing if either (a) the defendant reasonably expressed an interest in appealing or (b) a rational defendant would have wanted to appeal, perhaps because non-frivolous issues were available. Id. at 477-80. Counsel performs deficiently if he either fails to consult the defendant where the circumstances require, or where he does consult the defendant but fails to act in accord with the defendant's wishes. Id. at 478-80. To demonstrate prejudice, a defendant need only show a reasonable probability that he would have appealed; otherwise, prejudice is presumed because the attorney's error has completely deprived the defendant of the opportunity to vindicate his rights on appeal. See id. at 483-84; Garza v. Idaho, 586 U.S. 232, 242 (2019) ("So long as a defendant can show that 'counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken,' courts are to 'presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims.'") (quoting Flores-Ortega, 528 U.S. at 484).

In applying Flores-Ortega, the Eleventh Circuit has held that it is irrelevant that a defendant has waived the right to a direct appeal or collateral review. Gomez-Diaz v. United States, 433 F.3d 788, 792-93 (11th Cir. 2005) (vacating district court's denial of 2255 relief and remanding for an evidentiary hearing on petitioner's Flores-Ortega claim, even though

3

petitioner had agreed to an appeal-waiver); Hernandez v. United States, 212 F. App'x 832, 833-35 (11th Cir. 2006) (same).[2]

In its Response, the United States does not concede that Dozier's attorney was ineffective with respect to Ground One. See Response at 4. However, recognizing that an evidentiary hearing would be necessary to resolve Ground One, the United States submits that it is in the interest of judicial economy to apply the procedure set forth in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), and grant the Motion to Vacate "only to the extent that Dozier would be afforded an out-of-time appeal pursued by appointed counsel." See Response at 3-4. Dozier does not object to this remedy. See Reply at 1. The Court agrees that this is an appropriate course of action—especially since to conduct an evidentiary hearing, an incarcerated prisoner must be brought before the Court at considerable expense to the United States Marshal, to the United States Attorney, and to the Federal Defender or to private counsel appointed under the Criminal Justice Act, all of whom operate under limited resources and carry heavy caseloads. As a consequence, the interest of judicial economy is best served in this instance

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

by granting the Motion to Vacate, but only to the extent that Dozier will be afforded an out-of-time appeal in accordance with the following procedure set forth in Phillips:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised [of the time] for filing a notice of appeal from that reimposed sentence[.]

225 F.3d at 1201.

Dozier's remaining claims in the Motion to Vacate are due to be dismissed without prejudice. See United States v. Frank, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'") (quoting McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002)).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner Christopher Dozier's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **GRANTED** to the limited extent that Dozier may pursue an out-of-time appeal. Pursuant to the procedure set forth in <u>Phillips</u>, the Court will:

    a. Enter an order in the related criminal case vacating the original judgment;

    b. Appoint new counsel to represent Dozier for purposes of the re-imposition of sentence and to confer with him regarding the right to appeal; and

    c. Order Dozier and his counsel in the related criminal case to appear before the Court on **July 22, 2024, at 10:00 a.m., Courtroom 10B**, at which time the Court will:

        i. reimpose the previously announced sentence;

        ii. advise Dozier of the rights associated with an appeal from a criminal sentence;

        iii. advise Dozier that he shall have 14 days from the re-imposition of the sentence to file a notice of appeal.

2. Dozier's remaining claims in the Motion to Vacate (Civ. Doc. 1) are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to enter judgment in favor of Dozier to the extent that he may file a belated appeal in the related criminal case and otherwise dismissing his Motion to Vacate without prejudice. The Clerk is further directed to terminate all pending motions as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of June, 2024.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-10  6/13
C:  Christopher Dozier, #25076-509
    Counsel of Record